IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Sibley, #178549,<br><br>        Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corr;<br>Ofc. Jackson,<br><br>        Defendants. | C/A No. 0:09-2964-TLW-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Donald Sibley, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections and files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff has brought suit against the South Carolina Department of Corrections and an officer at the Evans Correctional Institution for "Negligence" and "Defamation of Character[.]" (Compl., Docket Entry 1 at 2.)

The "STATEMENT OF CLAIM" portion of the § 1983 Complaint reveals that this civil rights action arises of a prison disciplinary charge of sexual misconduct made on June 27, 2009. The plaintiff was placed in disciplinary segregation and was required to wear a pink jumpsuit. The plaintiff's exhibit (Docket Entry 1-1) reveals that, although the plaintiff was found guilty by the disciplinary hearing officer ("DHO"), the Warden on September 9, 2009 reversed the disciplinary conviction of exhibitionism after the plaintiff filed a grievance (# 1173-09). In his grievance, the plaintiff contended that Officer Jackson was looking through the crack in the shower stall at the time. In Part V of the Complaint, the plaintiff

seeks damages for emotional injury and defamation of character, compensatory damages, punitive damages, attorney's fees and costs, and any other relief deemed appropriate by this court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

*PJG*

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

The "lead" defendant—the South Carolina Department of Corrections—is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a

state agency or department.  See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Alden v. Maine, 527 U.S. 706 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Virginia v. Reinhard, 568 F.3d 110 (4th Cir. 2009); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Moreover, although the prison disciplinary proceedings were resolved, at least in part, in favor of the plaintiff, the plaintiff is not entitled to damages for the gross negligence of Officer Jackson.  Negligence is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine.  See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels v. Williams and Ruefly v. Landon:  "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203 (1989) (holding that the Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Furthermore, in this civil rights action, the plaintiff cannot obtain damages for defamation of character.  An alleged act of defamation of character or injury to reputation



is not actionable under 42 U.S.C. § 1983.  Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976).[1]  Nor is the plaintiff entitled to compensatory damages for his "emotional injury."  42 U.S.C. § 1997e.

Finally, the plaintiff is not entitled to attorney's fees in this civil rights action.  A *pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action.  See, e.g., Kay v. Ehrler, 499 U.S. 432, 435 (1991).

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process.  See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Brown v. Briscoe, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 23, 2009
Columbia, South Carolina

*The plaintiff is directed to the important Notice on the following page.*

---

[1] Moreover, under longstanding South Carolina case law, contents of governmental records—such as judicial proceedings, case reports, published cases, investigative reports, or arrest records—do not give rise to liability for slander or libel.  See Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-59 (1827); Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he/she may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).